Haywood, J.
delivered the opinion of himself and Judge Whyte.
There being actions at law depending between these parties, they left *220 the matters in dispute to arbitration. An award was made, and judgment entered accordingly. Jocelyn had first moved that it might be set aside, because, as he alleged, the arbitrators had entertained a wrong opinion upon the construction of certain wi'itten articles, between himself on the one side, and Donnel and Harris on the other; and because, as he alleged, he had admitted before them the correctness of a certain account exhibited by Donnel, and that, by mistake, they had taken and acted on another, which he never meant to admit. This allegation is no otherwise proved than by his own oath, and is disproved by others.
An award good upon the face of it cannot be impeached but upon objections which go to the misbehavior „of arbitrators. If the reception of illegal evidence appear upon the award, it may be set aside, or if a mistake of fact appear upon the face, or by confession of the referees, it shall be recommitted, but the Court cannot inquire by extrinsic testimony into the justice of the award, for that would be to try the matters in dispute de novo. If the arbitrators upon their award, have meant to go by the rules of law, and have mistaken the same, the award may perhaps be set aside for such mistake ; though even this is doubtful. But where no such intent appears in the face, the most obvious deviations from the rules of law will not vitiate the award. Arbitrators are to decide according to their own opinions of equity and conscience, without being tied down to the observance of precedents either of law or equity, or of any other positive rules. 10 John R. 149.
Judgment affirmed.